**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **Jerry Mitchell** | ) | Civil Action No. |
| | ) | |
| and | ) | **COMPLAINT** |
| | ) | |
| **Cheryl Mitchell**, | ) | **A JURY TRIAL IS DEMANDED** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Northern States Transportation,** | ) | |
| **Inc.; Trail King Industries, Inc.;** | ) | |
| **Carlisle Companies, Inc.; CC** | ) | |
| **Industries, Inc.; Kenneth** | ) | |
| **Armstrong; Circle H Pilot Co.;** | ) | |
| **Richard DeCharles Duren**; and | ) | |
| **Skidmore Four Wheel Drive** | ) | |
| **Limited**, | ) | |
| | ) | |
| Defendants. | | |

Jerry and Cheryl Mitchell for their complaint state as follows:

## <u>OVERVIEW</u>

1.    On September 17, 2010, Jerry Mitchell was driving south on Highway

23 in Oskaloosa, Iowa when a tractor trailer was heading north. The tractor trailer

was hauling a wind turbine base and was over 180 feet long and over 250,000

pounds (125 tons).  It crossed the center line and crashed into Jerry Mitchell's car, permanently injuring him.

## JURISDICTION AND VENUE

2.     This case is brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.  Jerry and Cheryl Mitchell are citizens of Iowa, Defendants are all citizens of other States, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00.  Diversity jurisdiction, therefore, exists in this Honorable Court.

3.     This is an appropriate venue under 28 U.S.C. § 1391(a)(2).   The tractor-trailer collision giving rise to this Complaint occurred within this district. In addition, the Mitchells reside within this district, and Jerry receives medical treatment on an ongoing basis in this district for the profound injuries he sustained in this collision.

## PARTIES

### A.     The Mitchells

4.     Jerry and Cheryl Mitchell are married.  They reside in Oskaloosa, Iowa.  Both are citizens of the State of Iowa.

### B.     Defendants

5.     Defendant Trail King Industries, Inc. is a corporation that has an address located at 300 East Norway Avenue, Mitchell, South Dakota 57301 with an address for service of process at 300 South Phillips Avenue, Suite 300, Sioux Falls, South Dakota 57104-6322 and is organized under the laws of South Dakota with its

principle place of business located in South Dakota. Accordingly, Defendant Trail King is a citizen of the State of South Dakota.

6.     Defendant Carlisle Companies, Inc. purchased Trail King Industries in June 1995.   Carlisle is a corporation that has an address located at 13925 Ballantyne Corporate Place, Suite 400, Charlotte, North Carolina 28277 with an address for service of process at 327 Hillsborough Street, Raleigh, North Carolina 27603 and is organized under the laws of Delaware with its principle place of business located in North Carolina.  Accordingly, Defendant Carlisle is a citizen of both the State of Delaware and the State of North Carolina.

7.     Defendant CC Industries, Inc. purchased Trail King Industries from Carlisle Companies approximately one month after this crash in October 2010.  CC Industries is a corporation with an address located at 222 N LaSalle St. # 2000, Chicago, Illinois 60601 with an address for service of process at 222 N. LaSalle St. Suite 800, Chicago, Illinois 60601 and is organized under the laws of Delaware with its principle place of business located in Illinois.   Accordingly, Defendant CC Industries is a citizen of both the State of Delaware and the State of Illinois.

8.     Defendant Northern States Transportation, Inc. is a corporation with an address located at 226 Erie Street SE, Hutchinson, Minnesota 55350, with an address for service of process at Robert Gillespie, 117 Pierce Street, Suite 201, Sioux City, IA 51101 and is organized under the laws of Wisconsin with its principle place of business located in Minnesota.  Accordingly, Defendant Northern States is a citizen of both the State of Wisconsin and the State of Minnesota

9.    Defendant Kenneth M. Armstrong is an adult individual with an address located at PO Box 39 Caroline, Alberta, Canada and is a resident of Canada.

10.    Circle H Pilot Car Co. is a corporation with an address located at 702 S. Evans Ave., Leedey, Oklahoma 74654, with an address for service of process at 115 SW 89th St., Oklahoma City, Oklahoma 73139 and is organized under the laws of Oklahoma with its principle place of business located in Oklahoma.  Accordingly, Defendant Circle H is a citizen of the State of Oklahoma.

11.    Defendant Richard Decharles Duren is an adult individual with an address located at 4318 Guernsey Rd., Odessa, Texas 79764 and is a resident of the State of Texas.

12.    Defendant Skidmore Four Wheel Drive Limited is a corporation with an address located at 58-60 Sandwell Street, Walsall, West Midlands, United Kingdom WS1 3EB with its principle place of business in the United States located in Texas.  Accordingly, Skidmore is a citizen of the United Kingdom and the State of Texas.

## BACKGROUND FACTS

13.    On or about September 17, 2010, Jerry Mitchell was travelling southbound on Highway 23 in Oskaloosa, Iowa.

14.    At the same time, a convoy of vehicles was transporting the base of a wind turbine northbound on Highway 23.

15.    The convoy consisted of lead and rear pilot vehicles belonging to Defendant Circle H and a tractor trailer owned by Defendant Northern States.

16.    The tractor trail was comprised of a Kenworth tractor and a 13 axle oversized trailer manufactured by Defendant Trail King (the "Trail King Trailer").

17.    The tractor trailer, including the Trail King Trailer, measured over 180 feet long and weighed over 250,000 pounds (125 tons) with the turbine base loaded.

18.    The extreme size of the Trail King Trailer required independent operation and steering by a person other than the driver of the tractor.

19.    Defendant Armstrong was the driver of the Trail King Trailer, but the Trail King Trailer was operated by Defendant Duren.

20.    As the convoy approached Jerry's vehicle, the Trail King Trailer crossed the center line of Highway 23 and crashed into Jerry's vehicle, forcing it off the west side of the road and into a wooded ditch along the side of the road.

21.    As a result of the crash, Jerry had to be removed from his vehicle by mechanical means and was taken by ambulance to Mahaska County Hospital.

22.    As a result of the crash, Jerry suffered injuries to hips, legs and ankles, requiring extensive surgical intervention and treatment.

23.    Defendant Northern States is an interstate motor carrier with the United States Department of Transportation number 00744141.

24.    Defendant Trail King designed, fabricated and manufactured the Trail King Trailer and sold or leased it to Defendant Northern States.

25.     The remote control unit used to operate the rear axle of the Trail King Trailer was a Lodar brand remote control unit.   Defendant Skidmore designed, fabricated and manufactured the remote control, and sold or leased the unit to Defendant Trail King, Defendant Northern States or Defendant Circle H prior to September 17, 2010.

## FIRST CAUSE OF ACTION
### Negligence
*Defendant Armstrong – Tractor Trailer Driver*

26.     Jerry Mitchell incorporates all facts above into this cause of action by reference.

27.     Defendant Armstrong had a duty to ensure his tractor trailer was safe to operate on public roads; to ensure that the tractor trailer was operated in a safe and reasonable manner, to drive at a careful and prudent speed which would permit him to maintain control of his tractor trailer at all times and to maintain control of his tractor trailer at all times.

28.     Defendant Armstrong failed in the above-mentioned duties and was therefore negligent.

29.     As a direct and proximate result of Defendant Armstrong's negligence, Jerry incurred multiple injuries to his left hip, both legs and both ankles.

30.     As a direct and proximate result of Defendant Armstrong's negligence, Jerry suffers past and future wage loss, loss of fringe benefits and a diminished earning capacity.

31. As a direct and proximate result of Defendant Armstrong's negligence, Jerry experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

## SECOND CAUSE OF ACTION
### Negligence *per se*
*Defendant Armstrong – Tractor Trailer Driver*

32. Jerry Mitchell incorporates all allegations and causes of action above into this cause of action by reference.

33. Defendant Armstrong violated state and federal statutes and regulations, including but not limited to Iowa Code § 321.277(A)(4), Iowa Code § 321.288(1) and 49 CFR §§ 350-399.

34. Defendant Armstrong's violations of state and federal statutes and regulations directly and proximately caused Jerry's damages and injuries.

35. Defendant Armstrong is negligent *per se* based on these statutory and regulatory violations.

## THIRD CAUSE OF ACTION
### Punitive Damages
*Defendant Armstrong – Tractor Trailer Driver*

36. Jerry Mitchell incorporates all allegations and causes of action above into this cause of action by reference.

37. Defendant Armstrong's actions constitute a willful and wanton disregard for the rights and safety of Jerry and the rest of the public. Jerry demands punitive damages against Defendant Armstrong.

## FOURTH CAUSE OF ACTION
### Vicarious Liability
*Defendant Northern States - Carrier*

38.     Jerry Mitchell incorporates all allegations and causes of action above into this cause of action by reference.

39.     Defendant Armstrong was the employee, agent, servant or independent contractor for Defendant Northern States.  Accordingly, Defendant Northern States is vicariously liable for the acts of Defendant Armstrong.

40.     Irrespective of the employment relationship, the tractor operated by the defendant truck driver Armstrong bore Defendant Northern States' operating authority under United States Department of Transportation number 744141. Northern States is therefore vicariously liable for the acts of Defendant Armstrong.

## FIFTH CAUSE OF ACTION
### Negligence
*Defendant Northern States – Carrier*

41.     Jerry Mitchell incorporates all allegations and causes of action above into this cause of action by reference.

42.     Defendant Northern States had a duty to act reasonably in hiring, retaining and training Defendant Armstrong and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

43.     Defendant Northern States also had a duty to ensure sufficient trained manpower to safely transport the load which it was transporting.

44.     Defendant Northern States failed in the above-mentioned duties and was therefore negligent.

45.     Defendant Northern States' negligence was the direct and proximate cause of Jerry's injuries.

## SIXTH CAUSE OF ACTION
**Punitive Damages**
*Defendant Northern States – Carrier*

46.     Jerry Mitchell incorporates all facts and causes of action above into this cause of action by reference.

47.     Defendant Northern States' actions constitute a willful and wanton disregard for the rights and safety of Jerry and the rest of the public.    Jerry demands punitive damages against Defendant Armstrong.

## SEVENTH CAUSE OF ACTION
**Negligence**
*Defendant Duren – Driver Rear Pilot Car / Remote Operator*

48.     Jerry Mitchell incorporates all facts above into this cause of action by reference.

49.     Defendant Duren had a duty to operate his vehicle and the Trail King Trailer in a safe and reasonable manner and to maintain control of the rear axle of the Trail King Trailer at all times.

50.     Defendant Duren failed in the above-mentioned duties and was therefore negligent.

51.     Defendant Duren's negligence was the direct and proximate cause of Jerry Mitchell's injuries.

### EIGHTH CAUSE OF ACTION
**Negligence *per se***
*Defendant Duren – Driver Rear Pilot Car/Remote Operator*

52.    Jerry Mitchell incorporates all facts and the seventh cause of action above into this cause of action by reference.

53.    Defendant Duren violated state and federal statutes and regulations, including but not limited to Iowa Code § 321.277(A)(4), Iowa Code § 321.288(1) and 49 CFR §§ 350-399.

54.    Defendant Duren's violations of state and federal statutes and regulations directly and proximately caused Jerry Mitchell's damages and injuries.

55.    Defendant Duren is negligent *per se* based on these statutory and regulatory violations.

### NINTH CAUSE OF ACTION
**Punitive Damages**
*Defendant Duren – Driver Rear Pilot Car/Remote Operator*

56.    Jerry Mitchell incorporates all facts and the seventh and eighth causes of action above into this cause of action by reference.

57.    Defendant Duren's actions constitute a willful and wanton disregard for the rights and safety of Jerry Mitchell and the rest of the public.  Jerry Mitchell demands punitive damages against Defendant Armstrong.

### TENTH CAUSE OF ACTION
**Vicarious Liability**
*Defendant Circle H – Pilot Car Company*

58.    Jerry Mitchell incorporates all facts and the seventh, eighth and ninth causes of action above into this cause of action by reference.

59.     Defendant Duren was the employee, agent, servant or independent contractor for Defendant Circle H.  Accordingly, Defendant Circle H is vicariously liable for the acts of Defendant Armstrong.

### ELEVENTH CAUSE OF ACTION
**Negligence**
*Defendant Circle H – Pilot Car Company*

60.     Jerry Mitchell incorporates all facts and the seventh through tenth causes of action above into this cause of action by reference.

61.     Defendant Circle H had a duty to act reasonably in hiring, retaining and training Defendant Duren and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

62.     Defendant Circle H also had a duty to ensure sufficient trained manpower to safely operate the rear pilot vehicle and for the remote operation of the rear axle of the Trail King Trailer.

63.     Defendant Circle H failed in the above-mentioned duties and was therefore negligent.

64.     Defendant Circle H's negligence was the direct and proximate cause of Jerry's injuries.

### TWELVTH CAUSE OF ACTION
**Punitive Damages**
*Defendant Circle H*

65.     Jerry Mitchell incorporates all facts and the seventh through eleventh causes of action above into this cause of action by reference.

66.     Defendant Armstrong's actions constitute a willful and wanton disregard for the rights and safety of Jerry and the rest of the public.   Jerry demands punitive damages against Defendant Armstrong.

## THIRTEENTH CAUSE OF ACTION
### Negligence
*Defendant Trail King, Carlisle and CC Industries – Trailer Manufacturer,*

67.     Jerry Mitchell incorporates all facts above into this cause of action by reference.

68.     Prior to September 17, 2010, Defendant Trail King was engaged in the business of designing, manufacturing and distributing multi-axle trailers for use in tractor trailer rigs on public highways.

69.     Prior to September 17, 2010, Defendant Trail King designed, manufactured and distributed the Trail King Trailer.

70.     Defendant Trail King had a duty to properly design, fabricate, test and manufacture the Trail King Trailer so that the trailer could be operated and utilized safely.

71.     Defendant Trail King also had a duty not to place products in the stream of commerce that they knew, or in the exercise of ordinary care, should have known were defective in their design, fabrication or manufacture.

72.     Defendant Trail King also had a duty to adequately train purchasers or lessees of the Trail King Trailer in proper methods of operating the trailer in a safe and reasonable manner.

73.   Defendant Trail King undertook to render services which it should recognize as necessary for the protection of third parties using public highways.

74.   Defendant Trail King failed in the above-mentioned duties and was therefore negligent.

75.   Defendant Trail King's negligence was the direct and proximate cause of Jerry's injuries.

### FOURTEENTH CAUSE OF ACTION
**Strict Liability - Product Liability Design**
*Defendant Trail King, Carlisle and CC Industries – Trailer Manufacturer*

76.   Jerry Mitchell incorporates all facts and the thirteenth cause of action above into this cause of action by reference.

77.   Defendant Trail King designed, manufactured and marketed the Trail King Trailer in South Dakota.

78.   The Trail King Trailer was defective by design, fabrication and manufacture.

79.   Defendant Trail King knew or, in the exercise of ordinary care, should have known of the dangerous conditions attendant in the design, fabrication or manufacture of the Trail King Trailer.

80.   The Trail King Trailer was in use on a public highway in dangerous and defective condition.

81.   The Trail King Trailer's dangerous and defective condition existed at the time of sale and could not be anticipated by (nor was it apparent to) Jerry.

82.    The Trail King Trailer had not been substantially altered or modified subsequent to its distribution by Defendant Trail King.

83.    Defendant Trail King had a duty, to the public and Jerry, to design, manufacture and distribute the Trail King Trailer in a condition reasonably safe for all reasonably foreseeable persons which could be affected by the Trail King Trailer, which includes persons travelling on public highways in the vicinity of the Trail King Trailer.

84.    Defendant Trail King failed in the above-mentioned duties and designed, manufactured and distributed the Trail King Trailer in an unreasonably dangerous defective condition.   Accordingly, Defendant Trail King should be held strictly liable.

85.    The unreasonably dangerous and defective condition of the Trail King Trailer was the direct and proximate cause of Jerry's injuries.

### FIFTEENTH CAUSE OF ACTION
**Strict Liability – Product Liability Failure to Warn**
*Defendant Trail King, Carlisle and CC Industries – Trailer Manufacturer*

86.    Jerry Mitchell incorporates all facts and the thirteenth and fourteenth cause of action above into this cause of action by reference.

87.    The risks and dangers involved in operating the Trail King Trailer are not open and obvious

88.    Defendant Trail King had a duty to warn Defendants Armstrong, Northern States, Circle H and Duren of the risks and dangers of operating the Trail King Trailer via remote control.

89.    Defendant Trail King also had a duty to warn Defendants Armstrong, Northern States, Circle H and Duren of the risks and dangers of tasking one person to both drive the rear pilot car and operate the Trail King Trailer via remote control.

90.    Defendant Trail King failed in the above-mentioned duties.

91.    Jerry's injuries were the direct and proximate result of Trail King's failure.  Accordingly, Trail King is strictly liable for Jerry's injuries.

## SIXTEENTH CAUSE OF ACTION
### Deceit and Fraud
*Defendant Trail King, Carlisle and CC Industries – Trailer Manufacturer*

92.    Jerry Mitchell incorporates all facts and the thirteenth through fifteenth cause of action above into this cause of action by reference.

93.    Defendant Trail King knew, or reasonably should have known, that remote operation of the rear axle of the Trail King Trailer was presented an unreasonable risk of harm and was not reasonably safe.

94.    Defendant Trail King, through its officers, employees or agents, misrepresented that operating the rear axle of the Trail King Trailer by remote control was reasonably safe.

95.    Defendant Trail King's misrepresentation that operating the rear axle of the Trail King Trailer by remote control was reasonably safe constitutes a deceit and fraud against all persons travelling on public highways where the Trail King Trailer might be operated.

96.     Defendant Trail King's deceit and fraud was the direct and proximate cause of Jerry's injuries.

## SEVENTEENTH CAUSE OF ACTION
### Punitive Damages
*Defendant Trail King, Carlisle and CC Industries – Trailer Manufacturer*

97.     Jerry Mitchell incorporates all facts and the thirteenth   through sixteenth cause of action above into this cause of action by reference.

98.     Defendant Trail King's actions constitute fraud and were taken with actual or presumed malice. Jerry demands punitive damages against Defendant Trail King.

## EIGHTEENTH CAUSE OF ACTION
### Negligence
*Defendant Skidmore – Remote Control Unit Manufacturer*

99.     Jerry Mitchell incorporates all facts above into this cause of action by reference.

100.    Prior to September 17, 2010, Defendant Skidmore was engaged in the business of designing, manufacturing and distributing remote control units for the remote operation of vehicles and vehicle attachments.

101.    Prior to September 17, 2010, Defendant Skidmore designed, manufactured and distributed the remote control unit used to control the rear axle of the Trail King Trailer.

102.    Defendant Skidmore had a duty to properly design, fabricate, test and manufacture the remote control unit so that the remote control unit and the Trail King Trailer could be operated and utilized safely.

103.    Defendant Skidmore also had a duty not to place products in the stream of commerce that it knew, or in the exercise of ordinary care, should have known were defective in their design, fabrication or manufacture.

104.    Defendant Skidmore also had a duty to adequately train purchasers or lessees of the remote control unite in proper methods of operating the remote control unit in a safe and reasonable manner.

105.    Defendant Skidmore failed in the above-mentioned duties and was therefore negligent.

106.    Defendant Skidmore's negligence was the direct and proximate cause of Jerry's injuries.

## NINETEENTH CAUSE OF ACTION
### Exemplary/Punitive Damages
*Defendant Skidmore – Remote Control Unit Manufacturer*

107.    Jerry Mitchell incorporates all facts and the eighteenth cause of action above into this cause of action by reference.

108.    Defendant Skidmore's actions constitute a wrongful disregard for the rights and safety of Jerry and the rest of the public which were calculated to increase Defendant Trail King's profit.  Jerry demands exemplary and/or punitive damages against Defendant Trail King.

## TWENTIETH CAUSE OF ACTION
### Strict Liability – Abnormally Dangerous Activity
*All Defendants*

109.    Jerry Mitchell incorporates all allegations and causes of action above into this cause of action by reference.

110.    Due to its physical size and weight, far greater than more ordinary trailers used in tractor trailer rigs, and the requirement of remote operation, the use of the Trail King Trailer creates a high degree of risk of harm to its operators and others on public highways.

111.    Due to its physical size, weight and method of remote operation, the likelihood of physical harm due to the use of the Trail King Trailer is great.

112.    The exercise of reasonable care cannot eliminate the risks inherent in the use of a trailer of this size and weight which relies upon remote control operation.

113.    The manufacture and use of the trailer on public highways creates such a high degree of risk of great harm and is so unusual as to constitute an abnormally dangerous activity.  Accordingly, Defendants' are strictly liable for any injuries arising from the manufacture and use of the Trail King Trailer.

114.    Defendants' manufacture and use of the Trail King Trailer was the direct and proximate cause of Jerry's injuries.  Accordingly, Defendants are strictly liable for Jerry's injuries.

## TWENTY-FIRST CAUSE OF ACTION
### Loss of Consortium
*All Defendants*

115.    Plaintiff Cheryl Mitchell incorporates all allegations and causes of action above into this cause of action by reference.

116.    As a direct and proximate result of Defendants' negligence and recklessness, Cheryl Mitchell has lost Jerry's substantial income and suffered significant suffering and emotional trauma, including loss of the society, companionship and services of Jerry.

## A JURY TRIAL ON ALL CLAIMS IS DEMANDED.

Respectfully submitted,

/s/ Kevin Hobbs
Kevin Hobbs
1200 Valley West Drive
West Des Moines, Iowa 50266-1908
(515) 282-7710 (telephone)
(515) 225-1972 (facsimile)
kevinhobbs2003@yahoo.com

*Attorney for Plaintiffs Cheryl and*
*Jerry Mitchell*